IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIN ELIZABETH GROOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-472-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Carolyn Colvin, Acting Commissioner of the Social Security Administration ("Commissioner") has filed a Motion to Dismiss. *See* Dkt. No. 12. For the reasons explained below, the motion is GRANTED.

### Background

Plaintiff applied for disability and disability insurance benefits on July 31, 2008. An administrative law judge ("ALJ") denied Plaintiff's claim on July 2, 2013. Plaintiff requested that the Appeals Committee review the ALJ's denial. In a November 7, 2013 letter, the Appeals Committee denied Plaintiff's request for review and mailed Plaintiff a copy of the denial. Plaintiff then filed her complaint against the Commissioner of the Social Security Administration on February 6, 2014 seeking judicial review of the Commissioner's denial pursuant to Section 205 of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff claims that the proper legal standards were not used to evaluate her claim, the findings of fact were not supported by substantial evidence, and the conclusions are contrary to the law and regulations. *See* Dkt. No. 1 at 5. Plaintiff asks the Court to reverse or modify the Commissioner's final decision and find that Plaintiff is entitled to a period of disability and disability insurance benefits under the Social Security Act. *See id.* at 6.

Defendant filed a Motion to Dismiss arguing that Plaintiff's complaint must be dismissed for failing to file within the 60-day statute of limitations. Plaintiff filed a Response, and Defendant filed a Reply. Defendant's Motion to Dismiss is now ripe for review.

## Legal Standards

Defendant's Motion to Dismiss must be converted into a Motion for Summary Judgment. In *Triplett v. Heckler*, the Fifth Circuit found that the lower court erred when it applied Federal Rule of Civil Procedure 12(b)(1) to the Commissioner's motion to dismiss for exceeding the 60-day deadline when it should have converted the Rule 12(b) motion to dismiss into a Rule 56 motion for summary judgment. 767 F.2d 210, 211-12 (5th Cir. 1985). Rule 56(c) governs the standard of review because the 60-day timeliness requirement is an affirmative defense for exceeding the statute of limitations, not a jurisdictional bar, and the lower court considered materials outside the pleadings. *See id.*

As in *Triplett*, the Commissioner has raised the statute of limitations as an affirmative defense and attached a declaration to support its Motion to Dismiss that

requires the Court to look outside the pleadings. Thus, Defendant's Motion to Dismiss must be converted into a Motion for Summary Judgment.

Under Rule 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.,* 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry,* 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth"-and submit evidence of "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.; Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby,*

*Inc., All* U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.,* 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.,* 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little,* 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor,* 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers,* 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little,* 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine

issue of fact exists." *Adams v. Travelers Indent. Co. of Conn.,* 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.,* No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.,* 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.,* 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

To bring a claim under Section 205(g) of the Social Security Act, Plaintiff must show that she brought her complaint within the 60-day statute of limitations or that she has equitable grounds for tolling the statute of limitations.

Judicial review of Title XVI Social Security disability claims is limited to actions brought within 60-days after notice of the final decision is mailed. *See* 42 U.S.C. § 405(g).  Mailing is defined as the date that the individual receives the Appeals Council's notice of denial. *See* 20 C.F.R. §§ 404.981. Mailing is presumed to be five days

after the date on the notice unless there is a reasonable showing to the contrary made to the Appeals Council. *See id.* §§ 404.901, 416.1401, 422.210(c). Thus, the deadline for filing an action is 65 days from the date of the denial notice. Congress imposed this strict statute of limitations "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The finality of the Commissioner's decision is also emphasized in the federal statute stating that no decision by the Commissioner is reviewable except as provided under Section 205(g). *See* 42 U.S.C. § 405(h).

First, the Plaintiff did not file her complaint within the 60-day statute of limitations. Plaintiff's notice of the Commissioner's final decision is dated November 7, 2013, and Plaintiff filed her complaint on February 6, 2014 – 86 days after the presumptive 65-day cutoff. Plaintiff admits that she was aware of the January 11, 2014 deadline. "With an Appeals Council denial letter dated November 7, 2013, Plaintiff understands that she had until January 11, 2014, which was a Saturday, to file the instant civil action." Dkt. No. 17 at 2. Thus, Plaintiff's complaint is untimely.

Plaintiff tries to rely on her attorney's lack of knowledge of the cutoff date to excuse the late filing. Plaintiff's attorney claims that she "was unaware at that time of the January 11, 2014, filing deadline." Dkt. No. 17 at 2. In *Flores v. Sullivan*, a plaintiff tried to rely on his attorney's lack of awareness to rebut the statute of limitations and argued that his attorney received notice approximately one week after plaintiff's presumed receipt of the final decision. *See* 945 F.2d 109, 111 (5th Cir. 1991). The Fifth Circuit held that notice to the individual, not her attorney or representative,

controls because the statute and regulations pinpoint receipt by the individual claimant, not by a representative, as the event that starts the 60-day clock. *See id.* at 111-12. The Court of Appeals explained that Section 205 of the Social Security Act allows "any individual" to bring a civil action within 60 days after the mailing "to him" of notice, 42 USC § 405(g), and the regulations permit "a claimant" to obtain judicial review if the civil action is brought within 60 days after notice is received by "the individual," 20 CFR 422.210(a), (c). *See Flores*, 945 F.2d at 111. Thus, Plaintiff cannot rely on her attorney's lack of awareness or notice to avoid the 60-day deadline.

Plaintiff also asserts that her complaint was filed within the 60-day time period because she timely filed a request for an extension. *See* Dkt. No. 1 at 2. Defendant counters that Plaintiff never filed an extension request, let alone a timely one, and that Plaintiff has failed to provide proof of such a request. Defendant has provided an affidavit from Roxie Rasey Nicoll, the Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. *See* Dkt. No. 12-1. Ms. Nicoll testifies that she is responsible for processing Title XVI Social Security claims when a civil action is filed in Texas and that she never received an extension request from Plaintiff. *See id.* at 4.

The sole evidence that Plaintiff provides are emails discussing the need for an extension request between Plaintiff's agency attorney and her court counsel. *See* Dkt. No. 17 at 2 n. 3. Plaintiff's court counsel admits she "only received email confirmation from Plaintiff's referring attorney that an extension had been submitted to the Appeals

Council." *See id.* Thus, the summary judgment evidence establishes that Plaintiff did not file a request for an extension.

Assuming arguendo that Plaintiff did file an extension request, she says that the request was made on January 13, 2014 – 2 days after the cutoff date. Plaintiff admitted that "on Monday, January, 13, 2014, the next business day following Plaintiff's deadline for which to file her civil action, Mr. Davis [Plaintiff's administrative attorney] requested additional time from the Appeals Council for Plaintiff to file her federal appeal." Dkt. No. 17 at 2. Thus, Plaintiff acknowledges that her request for an extension, if made, was not filed within the 60-day deadline.

Even if Plaintiff made an extension request before the cutoff date, courts have held that such requests are irrelevant. *See Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir. 1989). In *Loyd*, the plaintiff insisted that he complied with Section 405(g) by sending a request for extension before the 60-day deadline. *See id.* The *Loyd* Court held that, even if the request for an extension was timely sent, it does not follow that the Council would have granted an extension. *See id.* The Court of Appeals explained that the statute vests discretion in the Commissioner to decide whether to grant an extension and held that it is not enough to show that a request was made. *See id.*

The Court finds *Loyd*'s reasoning persuasive. Here, Plaintiff has only provided emails discussing the need for an extension. Because, as in *Loyd*, a <u>timely</u> extension request is irrelevant, Plaintiff's emails are not sufficient to comply with the 60-day statute of limitations.

Finally, Plaintiff has not presented any grounds for tolling for the 60-day statute of limitations. Although equitable tolling is available, its application is rare. The Commissioner should decide whether to extend the 60-day statute of limitations in most cases, and the courts step in to extend the limitations period only where the inequities in favor of tolling are so great that deference to the Social Security Administration is inappropriate. *See Matthews v. Eldridge*, 424 U.S. 319, 330 (1976). Plaintiff has presented no grounds for tolling, let alone the extraordinary circumstances required to justify extending the 60-day deadline.

As the movant for summary judgment, Defendant has established beyond peradventure that Plaintiff failed to bring her claim within the 60-day statute of limitations or to raise equitable grounds for tolling the statute of limitations. Thus, Defendant has shown that no actual controversy exists and is entitled to summary judgment as a matter of law.

## Conclusion

Defendant's Motion to Dismiss [Dkt. No. 12] is converted into a Motion for Summary Judgment and is GRANTED, and Plaintiff's Complaint [Dkt. No. 1] is DISMISSED with prejudice.

SO ORDERED.

DATED: August 29, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-9-